**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES | |
| v. | CASE NO: 1:21-cr-00591 |
| Oliver Sarko | |
| *Defendant* | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Oliver Sarko, by and through counsel, respectfully submits this memorandum in aid of sentencing. For the reasons stated below, I respectfully request that the Court sentence Mr. Sarko to a term of probation of 24 months and $500.00 in restitution.

**Background**

On January 6, 2021, Mr. Sarko knowingly and voluntarily participated and attended the "Stop the Steal" rally in the District of Columbia to protest the results of the 2020 presidential election.  While walking to the Capitol building, Mr. Sarko was live streaming his conduct and statements on social media.   Mr. Sarko stated, "We are storming the Capitol out here."  "Where are the traitors?" "Bring out Pelosi!" "We won't let you steal this country." "Fight for Trump!" we're breaking in right now." While on the Capitol grounds, he witnesses others pushing past police lines and entering the Capitol. He did not push against the police lines and only continued into the Capitol once the police lines had already been breached. He then entered the Capitol building through the Northwest side

Page **1** of **8**

of the Capitol Building.



Mr. Sarko entered at 2:35pm
He remained in the building for approximately 20 minutes.

After leaving Mr. Sarko posted on social media the events.

## STATUTORY AND GUIDELINE ANALYSIS

### Statutory Penalties

Mr. Sarko entered a plea to Count 3 of the information, charging him with Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(D), which carries a maximum sentence of six months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6). He agreed to pay restitution of $500.00. Supervised release does not apply to this misdemeanor offense; however, a period of probation of up to five years applies.

### Guidelines Calculation

Pursuant to USSG §1B1.9, the U.S. Sentencing Guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. Accordingly, the US Sentencing Guidelines do not apply to this count.

**SECTION 3553(a) FACTORS**

18 U.S.C. § 3553(a) mandates that a court "impose a sentence sufficient, but not greater than necessary, to comply with" federal sentencing goals. In imposing a sentence that is "sufficient, but not greater than necessary," the court should look to the statutory factors listed under Section 3553. These factors include:

1. **Nature and circumstances of the offense and history and characteristics of the Defendant**

While the events of January 6, 2021, at the Capitol, were unprecedented, violent, and shocking, Mr. Sarko's conduct certainly was not violent. No question Mr. Sarko's behavior was criminal; He did not engage in any violence; did not break anything; did not confront or fight with police; He did not take any "souvenirs;" did not contemplate defecating on anyone's desk; did not yell that "we have the police surrounded!"; did not have a pickaxe with him; did not yell "traitors gonna hang!"; did not yell "go, go, go!" when police lines were breached. He also was not affiliated with any organized or extremist group. Mr. Sarko does not make any calls to violence; he does not incite a crowd or make any threats. These factors weigh in favor of a probationary sentence:

   a) Whether, when, and how the Defendant enter the Capitol building?

> Here, Mr. Sarko peacefully entered the building after others had already broken in. He did not break any windows or doors and did not assault any police guarding the premises.

   b) Whether the Defendant engaged in or incited any violence? –

> No, the Defendant did not incite violence.

   c) Whether the Defendant engaged in any acts of destruction?

> No, the Defendant did not engage in any acts of destruction.

d) Whether during or after the riot, the Defendant destroyed evidence?

> No, the Defendant did not destroy any evidence.

e) The length of the Defendant's time inside of the building and exactly where the Defendant traveled – according to the government,

> Mr. Sarko was in the building for approximately 20 minutes.

f) Whether the Defendant cooperated with or ignored, law enforcement?

> Mr. Sarko cooperated with law enforcement.  He did not try to conceal his Behavior and turned over his accounts to law enforcement.

g) Whether the Defendant otherwise exhibited evidence of remorse or contrition

> Mr. Sarko has accepted responsibility for his actions and is remorseful for his conduct.   Mr. Sarko accepted responsibility for his criminal conduct.

2. **Mr. Sarko's History and Characteristics**

Mr. Sarko is a 27-year-old single man who has always worked.   He has two prior misdemeanor convictions with four arrests (*See PSR 7-8*).  He is gainfully employed as an oil drill worker in Pennsylvania.   He has complied with all pretrial release conditions and has demonstrated that he can follow the Court's instructions if placed on probation.

3. **Seriousness of the offense, respect for the law, just punishment**

This offense is undoubtedly serious, especially in the context from which it arose. However, Mr. Sarko has demonstrated his respect for the law and the

legal process by agreeing to plead guilty when the government made him a plea offer, accepting responsibility, and foregoing a costly trial. A sentence of imprisonment will result in losing his employment and home – much too great a punishment given his actual conduct.

4. **Deterrence of criminal conduct and protection from further crimes**

Except for a few misdemeanors, Mr. Sarko has never been insignificant trouble before. There is nothing in his past or even in the current situation that would indicate that he will break the law again or that society must be protected from him with incarceration.  As the Court of Appeals noted about the events of January 6 in *United States v. Munchel*, 991 F.3d 1272 (DC Cir. 2021):  The District Court also failed to demonstrate that it considered the specific circumstances that made it possible, on January 6, for Munchel and Eisenhart to threaten the peaceful transfer of power. The appellants had a unique opportunity to obstruct democracy on January 6 because of the electoral college vote tally taking place that day and the concurrently scheduled rallies and protests. Thus, Munchel and Eisenhart attempted to obstruct the electoral college vote by entering the Capitol with a large group of people who had gathered at the Capitol in protest that day. Because Munchel and Eisenhart did not vandalize any property or commit violence, the group's presence was critical to their ability to obstruct the vote and cause danger to the community. Without it, Munchel and Eisenhart—two individuals who did not engage in any violence and who were not involved in planning or coordinating the activities—seemingly would have posed

little threat. Munchel, 991 F.3d 1284 (emphasis added). Here, the same can be said. Besides his conduct on January 6, which was nonviolent and could only have occurred on that day, there is no indication that he is a future danger to society.

### 5. Need for treatment and training

Mr. Sarko does not need training or counseling.

### 6. Kinds of sentences available and the sentencing ranges established

The offense of conviction, Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(D), carries a maximum sentence of six months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6). He agreed to pay restitution of $500.00. Supervised release does not apply to his misdemeanor offense; however, a period of probation of up to five years applies.

### 7. Need to avoid sentencing disparities

On April 20, 2022, Undersigned and the Government attorney spoke. She indicated she would seek house arrest for three months.[1]  While the probation officer recommended 20 days, the Defense believes a 20-day sentence would create a domino effect.  As evidenced by the financial reports submitted, Mr. Sarko is self-reliant.  He has no spouse or others to request financial assistance, and therefore, a short jail sentence could create an environment where he is unemployed again.  Notably, he recently obtained employment in January 2022

---

[1] In the Government initial Sentencing Memorandum requested incarceration for one month.

after losing his job in December 2021[2].

Mr. Sarko's culpability appears to be minimal in contrast with rioters who destroyed or stole government property and assaulted or threatened the law enforcement officers on that date." Doc. 24 at 1. Furthermore, Mr. Sarko has complied with his pretrial supervision and the terms of his release. He does not appear to present a danger to the community, and the goals of sentencing may be accomplished through a non-custodial sentence of probation supervision. Punishment can be in the need of community service and instead of costing the taxpayers money, Mr. Sarko can give back.  Rehabilitation does not appear to be a particular concern for this Defendant."

### 8. Need to provide restitution

Mr. Sarko has agreed to pay total restitution of $500.00.

### CONCLUSION

Mr. Sarko recognizes that he should not have been in the Capitol on January 6 and that he must be punished for that conduct. However, his behavior on that day does not deserve a prison sentence considering that he did not engage in violence or destruction of property. His conduct should not result in incarceration and personal ruin.

Mr. Sarko respectfully requests that after considering the § 3553(a) factors, the Court impose a sentence of 24 months of probation and in lieu of home confinement, as the Government is requesting – 120 hours of community

---

[2] Mr. Sarko believes he was released from employment in December 2019 because of his involvement in this matter.

service would warrant significant punishment. Considering the relevant case law and pursuant to 18 U.S.C. § 3553(a), such a sentence is sufficient but not greater than necessary.

Dated: Washington, DC

        Respectfully submitted,
        ROLLINS AND CHAN

        /s/
        _____
        Mark Rollins
        DC Bar Number: 453638
        Counsel for Oliver Sarko
        419 7TH Street, NW
        Suite 405
        Washington, DC 20004
        Telephone No. 202-455-5610
        Direct No: 202-455-5002
        mark@rollinsandchan.com

**Date Filed:** April 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, this motion was electronically filed pursuant to the rules of the Court.

        /s/
        _____
        Mark Rollins