UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OLIVER SARKO,<br><br>Defendant. | Criminal No. 21cr591 (CKK) |

MEMORANDUM OPINION AND ORDER
(April 29, 2022)

Defendant Oliver Sarko pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building, which is a "petty offense" that carries a maximum penalty not exceeding six months in prison and a $5,000 fine. *See* 18 U.S.C. § 19; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (Kanne, J., concurring) (citations omitted) (noting that a petty offender may face a sentence of up to five years of probation). Mr. Sarko was sentenced today, by this Court, to a split sentence of thirty (30) days incarceration and three years of probation, as proposed by the Government in its [31] Sentencing Memorandum.[1] Because the legality of split sentences for defendants convicted of petty offense misdemeanors has been questioned in several cases in this District Court, and the

---

[1] Defendant had proposed an alternative sentence of 24 months of probation in his [34] Sentencing Memorandum.

United States Court of Appeals for the District of Columbia Circuit has not yet opined on this issue, this Court explains its reasoning for imposing a split sentence.[2]

Prior to sentencing, this Court requested that the Government supplement its Sentencing Memorandum with regard to the legality of its suggested split sentence for Mr. Sarko, a defendant convicted of a single petty offense misdemeanor. On April 26, 2022, the Government filed [35] Supplemental Brief Addressing Sentences that Include Incarceration and Probation. In light of the additional case law and statutory authority cited by the Government and after a re-examination of the applicable statutes, this Court finds that a split sentence is applicable in this case.

Recent case law from this District Court supports the Government's position that a sentencing court may impose a "split sentence"—"a period of incarceration followed by period of probation," *Foster v. Wainwright*, 820 F. Supp. 2d 36, 37 n.2 (D.D.C. 2011) (citation omitted)—for a defendant convicted of a federal petty offense. *See* 18 U.S.C. § 3561(a)(3); *see United States v. Little*, Case No. 21-cr-315 (RCL), 2022 WL 768685, at *1 (D.D.C. Mar. 14, 2022) (concluding that "a split sentence is permissible under law and warranted by the circumstances of this case"); *United States v. Smith*, Case No. 21-cr-290 (RBW), Minute Entry (D.D.C. Mar. 15, 2022) (imposing a split sentence). *United States v. Meteer*, Case No. 21-cr-630 (CJN), Minute Entry (D.D.C. Apr. 21, 2022) (same).

---

[2] Based on its initial reading of the relevant statutes, the dearth of cases addressing this issue, and limited briefing by the parties, this Court previously found that a split sentence for a petty offender defendant was inappropriate. *See United States v. Spencer*, Case No. 21-cr-147 (CKK), ECF No. 70 [Memorandum Opinion and Order](modifying a sentence to avoid a split sentence).

Two statutory provisions are relevant to the question of whether a sentencing court may impose a term of continuous incarceration that exceeds two weeks followed by a term of probation.[3] First, Section 18 U.S.C. § 3551 (discussing authorized sentences), provides that a "defendant who has been found guilty of" any federal offense "shall be sentenced in accordance with the provision of" Chapter 227 "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a).[4] Pursuant to Section 3551(b), a federal defendant shall be sentenced to "(1) a term of probation as authorized by subchapter B; (2) a fine as authorized by subchapter C, or (3) a term of imprisonment as authorized by subchapter D." 18 U.S.C. § 3551(b).

Second, 18 U.S.C. § 3561, which addresses a "[s]entence of probation," initially provided that a federal defendant may be sentenced to a term of probation "unless . . . (1) the offense is a Class A or Class B felony and the defendant is an individual; (2) the offense is an offense for which probation has been expressly precluded; or (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense." Pub. L. No. 98-473, at § 212. Subsequently, Congress revised Section 3561(a)(3) by appending the phrase "that is not a petty offense" to the end of the then-existing language. *See* H.R. Rep. No. 103-711, at 887 (1994) (Conference Report); *see Little*, 2022 WL 768685, at *5-6 (concluding that "same" in Section 3561(a)(3) is an adjective that modifies "offense").

---

[3] A period of incarceration that does not exceed two weeks followed by a term of probation is also permissible under 18 U.S.C. § 3653(b)(10).

[4] Chapter 227 of Title 18 covers "Sentences," and it is divided into subchapter A ("General Provisions"), subchapter B ("Probation"), subchapter C ("Fines") and subchapter D ("Imprisonment").

In its current form, Section 3561(a)(3) provides that a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). Thus, for any federal offense *other than* a petty offense, Section 3561(a)(3) prohibits "imposition of both probation and straight imprisonment," consistent with the general rule in Section 3551(b). *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999); *see United States v. Martin*, 363 F.3d 25, 35 (1st Cir. 2004) (same); *United States v. Harris*, 611 F. App'x 480, 481 (9th Cir. 2015) (time spent in pretrial detention is not imprisonment and thus, it did not cause defendant's sentence of five years of probation to "run afoul" of Section 3561(a)(3)'s prohibition against sentencing a defendant to both probation and imprisonment); *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (noting that the Sentencing Reform Act did not permit "a period of 'straight' imprisonment. . . at the same time as a sentence of probation").

In contrast, the limitation in Section 3561 "does not extend" to a defendant sentenced to a petty offense. *United States v. Little*, 2022 WL 768685, at *4 ("[W]hile a defendant's sentence of a term of imprisonment *may* affect a court's ability to impose probation, the petty-offense clause limits this exception."); *see United States v. Posley*, 351 F. App'x 807, 809 (4th Cir. 2009) (per curiam) (where defendant was convicted of a petty offense, the Fourth Circuit recognized that Section 3561(a)(3) "[u]nquestionably" provided statutory authority to sentence the petty-offense defendant to a "term of six months of continuous imprisonment plus probation"). Because sentencing courts may not impose supervised release on petty-offense defendants, *see* 18 U.S.C. § 3583(b)(3), permitting a combined sentence of continuous incarceration and probation for petty offenses makes sense. The Congressional amendment of

4

the language in Section 3561(a) provided sentencing courts with "latitude," *see* S. Rep. 98-225, 1983 WL 25404, at *89, to ensure some degree of supervision—through probation—following incarceration.

In the instant case, the Government addressed the facial conflict between Sections 3551(b) and 3561(a)(3) by proffering the following two assertions:

> First, the more specific permission for split sentences in petty offense cases in Section 3561(a)(3) prevails over the general prohibition on split sentences in Section 3551(b). *See Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one."). . . That carveout [in Section 3561(a)(3)] does not "void" the general prohibition on split sentences in Section 3551(b); rather, . . . Section 3551(b)'s prohibition against split sentences "govern[s] all other cases" apart from a case involving a petty offense. [ Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148, 184 (2012).] This interpretation, moreover, "ensures that *all* of Congress's goals set forth in the text are implemented." *Little*, 2022 WL 768685, at *8.
>
> Second, to the extent Section 3551(b)'s general prohibition against split sentences conflicts with Section 3561(a)(3)'s permission for split sentences in petty offense cases, the latter, later-enacted provision controls. *See Posadas v. Nat'l Bank of N.Y.*, 296 U.S. 497, 503 (1936) ("Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one."); Scalia & Garner, *supra*, at 327-329. Where a conflict exists "between a general provision and a specific one, whichever was enacted later might be thought to prevail." *Id.* at 185. "The "specific provision"—here Section 3561(a)(3)—"does not negate the general one entirely, but only in its application to the situation that the specific provision covers." *Id.* Section 3551(b)'s general prohibition does not operate against the more specific, later-enacted carveout for split sentences in Section 3561(a)(3).

Govt. Supplement, ECF No. 35, at 6-7.

Accordingly, consistent with the analysis set forth herein and the recent case law from this District Court, it is accordingly, this 29th day of April 2022,

ORDERED that Defendant Oliver Sarko's sentence, as reflected in the Judgment which

will be prepared and docketed, is thirty (30) days incarceration, followed by three years of probation.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE